IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAKALE SOLOMON, :
: 
        Plaintiff, :
:
v. : Civ. No. 10-1115-RGA
:
AVENUE CONSTRUCTION LLC, :
:
        Defendant. :

Makale Solomon, Smyrna, Delaware; *pro se* Plaintiff.

Noel E. Primos, Esq., Schmittinger & Rodriguez, P.A., Dover, Delaware; Counsel for Defendant.

**MEMORANDUM OPINION**

June 19, 2012
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Pending before the Court is Defendant's Motion to Dismiss. (D.I. 11.) Plaintiff opposes the motion (D.I. 17) and has filed a motion for leave to amend the complaint. (D.I. 20.) For the reasons given below, the Court will deny the Motion to Dismiss without prejudice, and will grant Plaintiff's Motion to Amend.

Plaintiff proceeds *pro se* and had been granted leave to proceed without prepayment of fees. He alleges employment discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, when he was terminated by reason of race on November 21, 2008. (D.I. 2). Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that it does not qualify as an employer under Title VII, 42 U.S.C. § 2000e(b), as it did not employ more than fifteen employees during the relevant time period. Plaintiff opposes the motion, and relies upon the integrated enterprise theory as set forth by the First Circuit to support his position, *Torres-Negron v. Merck & Co.*, 488 F.3d 34 (1st Cir. 2007), rather than the Third Circuit's integrated enterprise test in *Nesbit v. Gears Unltd., Inc.*, 347 F.3d 72, 85-88 (3d Cir. 2003). In addition, Plaintiff moves to amend his Complaint. Defendant has not opposed the motion to amend.

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

In addition, when ruling on a 12(b)(6) motion, the Court may consider the pleadings, public record, orders, exhibits attached to the Complaint, and documents incorporated into the Complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). Rule 12(d) provides, however, that when matters outside the pleadings are presented to, and not excluded by, the Court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

The Court will deny the Motion to Dismiss without prejudice and will grant the Motion for Leave to Amend the Complaint. It does not appear that any formal discovery has taken place. Regardless, Defendant has submitted documents outside the pleadings and, if considered, the Motion to Dismiss must be converted to a Motion for Summary Judgment. Moreover, it does not appear that Plaintiff has had an opportunity through discovery to delve into the veracity of the submitted documents (for example, according to Plaintiff, the affidavit filed in support of Defendant's Motion to Dismiss fails to refer to at least two employees). Accordingly, the Court declines to convert the Motion to Dismiss to a Motion for Summary Judgment at this stage of the litigation. In

addition, Plaintiff seeks to amend to cure his pleading deficiencies by filing an amended complaint. *See* Fed. R. Civ. P. 15 ("The court should freely give leave when justice so requires."). The Court will grant Plaintiff's motion, given that he proceeds *pro se* and leave to amend is liberally granted.

For the above reasons, the Court will deny without prejudice Defendant's Motion to Dismiss (D.I. 11), and will grant Plaintiff's Motion for Leave to Amend the Complaint (D.I. 20).

An appropriate Order will be entered.