IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAKALE SOLOMON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-1115-RGA |
| MAROSA SURGICAL INDUSTRIES, et al., | : |
| Defendants. | : |

Makale Solomon, New Castle, Delaware; *Pro Se* Plaintiff.

Noel E. Primos, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware; Counsel for Defendants.

**MEMORANDUM OPINION**

March 5, 2014
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Pending before the Court is Defendants' motion for sanctions (D.I. 49), opposed (D.I. 54) by plaintiff. For the reasons given below, the Court will grant the motion and will dismiss the case.

Plaintiff proceeds *pro se* and had been granted leave to proceed without prepayment of fees. He alleges employment discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, when he was terminated by reason of race on November 21, 2008. (D.I. 2). Defendants move for dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 41(b) on the grounds that plaintiff has failed to provide any responses to written discovery requests. Plaintiff opposes the motion.

The complaint (D.I. 2) was filed on December 20, 2010. A first amended complaint was filed on July 10, 2012, and answers were filed in July 2012 and February 2013. (*See* D.I. 24, 25, 31, 32, 33). On February 20, 2013, the court entered a scheduling order for discovery to be initiated so that it would be completed on or before June 20, 2013. (*See* D.I. 34). Defendants served interrogatories and requests for production of documents upon plaintiff on April 5, 2013, followed by a request for admissions on May 9, 2013. (*See* D.I. 36, 37, 38, 39, 40). Plaintiff did not respond to the discovery requests.

On June 20, 2013, Defendants filed a motion to compel and, in turn, plaintiff filed an extension of time to complete discovery. (*See* D.I. 41, 42). On August 7, 2013, the Court granted the motion to compel, extended the discovery deadline to September 30, 2013, and granted plaintiff additional time to provide full and complete responses to interrogatories and requests for production of documents. (D.I. 44). Plaintiff was given

fifteen business days from the date of the order (*i.e.*, to August 28, 2013) to provide the discovery and advised that there would be no further discovery extensions absent a showing of good cause.

On September 26, 2103, Plaintiff filed a "Motion for Voluntary Dismissal without Prejudice." (D.I. 47). The Court denied it without explanation. (D.I. 48). The reason the Court did so was that the *pro se* Plaintiff did not appreciate that a voluntary dismissal without prejudice was effectively a dismissal with prejudice.

On September 30, 2013, Defendants filed the instant motion for sanctions seeking dismissal of the case pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 41(b) on the grounds that Plaintiff neither complied with the August 7, 2013 Order nor provided any discovery to Defendants. Plaintiff opposes the motion but provides no explanation for his failure to provide discovery and, instead, complains about the supposed falsity of two affidavits filed in 2011. (D.I. 10, 19).

Under Rule 37, "[i]f a party . . . fails to obey an order to provide . . . discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders" which may include "dismissing the action." Fed. R. Civ. P. 26(b)(2(A). Rule 41(b) provides that a defendant may move to dismiss an action if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b).

"[D]ismissal is a harsh remedy and should be resorted to only in extreme cases," but "[d]istrict court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992);

(internal quotations omitted); see Torres v. Amerada Hess Corp., 240 F. App'x 946, 954 (3d Cir. 2007). "In certain cases, [dismissal] is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

The Court considers the following factors to determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); Huertas v. United States Dep't of Educ., 408 F. App'x 639 (3d Cir. 2010). The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. See Emerson, 296 F.3d at 190 (3d Cir. 2002).

The Court finds that the Poulis factors warrant dismissal of Plaintiff's case. First, as a pro se litigant, Plaintiff is solely responsible for prosecuting his claim. See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendants are prejudiced by Plaintiff's failure to provide discovery. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to respond to any discovery, despite being ordered to do so, impedes Defendants' ability to prepare their trial strategy.

As to the third factor, there is a history of dilatoriness inasmuch as Plaintiff did not respond to discovery requests when initially served upon him or when ordered by the Court. As to the fourth factor, while the Court has no doubt that the Plaintiff's failure to respond is knowing and intentional, the Court is unable to discern whether this failure is also willful or in bad faith. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Because Plaintiff proceeds *pro se* and *in forma pauperis*, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, the amended complaint (particularly allowing for its *pro se* nature) appears to state a *prima facie* case. The Court cannot determine anything further, as Defendants deny any liability, and there has been no discovery.

Given Plaintiff's failure to provide discovery to Defendants, failure to comply with this Court's August 8, 2013 Order, and failure to provide any explanation why he failed to produce the required discovery, the Court finds that the *Poulis* factors weigh in favor of dismissal.

For the above reasons, the Court will grant Defendants' motion for sanctions and will dismiss the case.[1]

An appropriate Order follows.

---

[1] In other words, the Court will do what the Plaintiff asked the Court to do six months ago, but without making the dismissal "without prejudice."

4